IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY NELSON,<br>   #49816-177,<br>          MOVANT, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:19-CV-308-B-BK |
| | § | (CRIMINAL CASE NO. 3:14-CR-266-B-35) |
| | § | |
| UNITED STATES OF AMERICA,<br>          RESPONDENT. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Corey Nelson's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management. As detailed here, the Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I.   BACKGROUND**

In September 2016, Nelson pled guilty to conspiring to possess with intent to distribute a controlled substance and, on July 17, 2017, was sentenced to 230 months' imprisonment and a five-year term of supervised release. Crim. Doc. 2002. His direct appeal was dismissed on his motion, and he subsequently filed this timely Section 2255 motion, asserting ineffective assistance of counsel at sentencing. Crim. Doc. 2257; Doc. 4 (*Amended Section 2255 Motion*). Because Nelson has not shown that counsel was constitutionally ineffective, however, his

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Section 2255 motion lacks merit.

## II.     ANALYSIS

To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, the movant must prove that counsel's performance was deficient and that counsel's substandard performance caused prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.  Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  In the sentencing context, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel.  *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

Nelson asserts counsel rendered ineffective assistance when he failed to: (1) file timely objections to the Presentence Report ("PSR"); and (2) present argument in support of an objection to the two-level enhancement for maintaining drug-trafficking premises.  Doc. 4 at 7.  He avers that counsel did not file objections within 14 days of the filing of the PSR and that counsel's untimely objections presented only the same arguments initially raised by Nelson's *pro se* objections.  Doc. 4 at 13; Crim. Doc. 1990; Crim. Doc. 1978.  Nelson cannot show prejudice, however.  Nelson affirmed at sentencing that he had no objection to counsel's late-filed objections.  Crim. Doc. 2177 at 5-6 (*Sentencing Tr.*).  The Court thus granted counsel's motion for leave to file the late objections and considered them, along with Nelson's earlier, *pro se* objections, at sentencing.  Crim. Doc. 2177 at 7; Crim. Doc. 1989.

Regarding the drug-trafficking premises enhancement, Nelson contends that counsel should have argued that "the Government never produced any evidence of Cocaine or anything

else actually stored" at the Caracus Street residence. Doc. 4 at 13, 16. Nelson argues that the "tips was [sic] anonymous and without any foundational facts" and that, while "CI Zuniga believed that drugs were stored at the residence o[n] Caracus street," he "ha[d] no absolute[] knowledge that there were kilograms of cocaine being stored there." Doc. 4 at 17. Contrary to Nelson's assertion, however, counsel made the same argument at sentencing. Crim. Doc. 2177 at 34-35. The argument was unavailing, however, because the Court found strong evidence (relying on Agent Harrison's testimony, the Presentence Report, and the Government's well-supported response) that the Caracas residence was used for distributing drugs—not just as a "party spot"—which supported the drug-trafficking-premises enhancement. Crim. Doc. 2177 at 36-38. On this record, there is no evidence that the Court would have ruled differently. Thus, Nelson cannot demonstrate that counsel's alleged deficient performance resulted in a higher sentence, and his second claim likewise fails.

### III.    EVIDENTIARY HEARING

Nelson asserts that he is entitled to an evidentiary hearing. Doc. 4 at 16, 18. He maintains that a hearing is needed to resolve his claims and that his assertions raise contested factual issues. *Id.* Nelson is not entitled to an evidentiary hearing, however. "When the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018) ("A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true."). Accordingly, because Nelson's claims lack merit for the reasons stated above, no evidentiary hearing is required in this Section 2255

proceeding.

## IV. CONCLUSION

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 should be summarily **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED**.

March 18, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).